**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | |
|---|---|
| **TONY SMITH** | **CIVIL ACTION** |
| **VERSUS** | **07-9621** |
| **MICHAEL J. ASTRUE,** | **SECTION "K"(3)** |
| **COMMISSIONER OF SOCIAL SECURITY** | |


<u>**ORDER AND OPINION**</u>


Before the Court is the "Objection to Magistrate's Report and Recommendation" filed on behalf of plaintiff Tony Smith (Doc. 23). The matter was taken on written briefs without oral argument. The Magistrate Judge recommended that plaintiff's motion for summary judgment be denied and that defendant's motion for summary judgment be granted because substantial evidence exists to affirm the administrative law judge's ("ALJ") determination that plaintiff is not disabled due to asthma, mental retardation, or a combination of the two conditions. Plaintiff objected to the Report and Recommendation urging that the "[t]he findings of the treating pediatrician direct a finding of disability under 20 CFR pt.404, subpt. P, App. 1 (p.A) Listing 103.03" and that the Magistrate Judge failed to explain why plaintiff's asthma condition fails to meet that listing. Having reviewed the pleadings, memoranda, the entire record of the proceedings before the Social Security Administration, the Magistrate Judge's Report and Recommendation, and the law, the Court adopts the Magistrate Judge's Report and Recommendation as its own except that portion analyzing and concluding that plaintiff is not disabled due to childhood asthma and with respect to plaintiff's claim for disability due to childhood asthma, and remands the matter to the Commissioner of Social Security for further factual development and proceedings consistent with

this Order and Opinion.

The Court incorporates the procedural background and facts set forth in the Magistrate Judge's Report and Recommendation. The Court will address the facts specific to the claim of disability based on asthma in the "Law and Analysis" portion of this opinion.

## STANDARD OF REVIEW

The district court must review *de novo* those parts of a Magistrate Judge's Report and Recommendation to which a party has properly filed an objection. 28 U.S.C. §636(b)(1). It is well established that review of the Commissioner of Social Security's ("Commissioner") decision is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); *see also* 42 U.S.C. §405(g). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990).

## STATUTORY AND REGULATORY FRAMEWORK

To be entitled to Supplemental Security Income benefits, a claimant under the age of 18 must establish that he is "disabled" as defined in 42 U.S.C. §1382(a)(3)(c) which provides:

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

The three-step analysis set forth in 20 C.F.R. §416.924(a) applies to determine whether a child under the age of 18 qualifies as "disabled"; it provides:

> We follow a set order to determine whether you are disabled. [Step One] If you are doing substantial gainful activity, we will determine that you are not disabled and not review your claim further. [Step Two] If you are not doing substantial gainful activity, we will consider your physical or mental impairment(s) first to see if you have an impairment or combination of impairments that is severe. If your impairment(s) is not severe, we will determine that you are not disabled and not review your claim further. [Step Three] If your impairments is severe, we will review your claim further to see if you have an impairment(s) that meets, medically equals, or functionally equals in severity any impairment listed in appendix 1 of subpart P or part 404 of this chapter. If you have such an impairment(s), and it meets the duration requirement, we will find that you are disabled. If you do not have such an impairment(s), or if it does not meet the duration requirement, we will find that you are not disabled.

20 C.F.R. §416.924(a).

## LAW AND ANALYSIS

There is no dispute that Michael Smith satisfied both Step One and Step Two of the disability analysis with respect to childhood asthma. However, at Step Three of the analysis, the ALJ concluded that "[b]efore attaining age 18, the claimant did not have an impairment . . . that met or medically equaled one of the listed impairments in 20 CFR 404. Subpart P. Appendix 1, Part A or B (20 CFR 416.920(d), 416.925, and 416.926)" (Tr. 23). The ALJ concluded that "[n]o treating or examining physician has mentioned findings that meets [sic] or medically equals [sic] one of the listed impairments or its equivalent in severity to the criteria of any listed impairment." *Id.* The finding that plaintiff's childhood asthma does not meet the listing for childhood asthma is not supported by substantial evidence.

The listing requirements for asthma in children are set forth in Listing 103.03 in several disjunctive subsections. Plaintiff asserts that he meets the listing set forth in §103C which provides:

> C. Persistent low-grade wheezing between acute attacks **or** absence
> of extended symptom-free periods requiring daytime and nocturnal

use of sympathomimetic bronchodilators with **one of the following**:

> 1. Persistent prolonged expiration with radiographic or other appropriate imaging techniques evidence of pulmonary hyperinflation or peribronchial disease; **or**
> 2. Short courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12 month period . . .

20 CFR Ch. III, Pt. 404, Subpt. P., App. 1, 103.03 C (emphasis added).

On January 12, 2004, Michael Smith's treating pediatrician Dr. Madhuri Dixit completed a medical statement indicating that Michael did not experience "[p]ersistent low-grade wheezing between acute attacks" of asthma, but that he did have an an "[a]bsence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators." (Tr. 383).

Dr. Dixit's finding with respect to the absence of symptom-free periods satisfies the first portion of the disjunctive requirement for the specified listing for childhood asthma. Having satisfied that first disjunctive requirement, the child meets the listing requirement if medical evidence establishes that the child satisfies either subsection C(1) or C(2) of §103.03. Dr. Dixit's January 12, 2004 assessment also establishes that Michael Smith has had "[s]hort courses of corticosteroids that average more than 5 days per month for at least three months during a 12-month period." *Id.* Thus, Dr. Dixit's assessment indicates that Michael Smith's childhood asthma meets the listing requirements of §103.03C(2).

The government asserts that plaintiff cannot meet the listing requirement of §103.03A which explicitly requires "continuing signs and symptoms despite a regimen of prescribed treatment" because in the "Remarks" section of his assessment of Michael Smith Dr. Dixit noted that plaintiff was "not very compliant." Because plaintiff does not contend that he meets the listing requirements

4

of §103.03A, the government's assertion is not persuasive. The Court recognizes that "[i]f a claimant fails to follow prescribed treatment without good reason, the claimant will not be entitled to disability." *Halterman v. Astrue*, 2009 WL 463889 at *6 (W.D. La. January 30, 2009); 20 C.F.R. §404.1530. However, nothing in the ALJ's decision indicates that in concluding that Michael Smith did not meet any listing for disability that the ALJ considered Dr. Dixit's notation concerning plaintiff's lack of compliance. Moreover, the Commissioner may not deny benefits for failure to comply with prescribed treatment unless the claimant is first provided with notice. " Social Security Ruling 82-59 provides that "before [such] a determination is made, *the individual . . . will be informed of this fact* and of its effect on the eligibility for benefits.' SSR No. 82-59 (1982) (emphasis added). Second, the claimant 'will be *afforded an opportunity to show justifiable cause for failing to do so.' Id.* (emphasis added)." *Id.* Nothing in the record indicates that plaintiff received the notice mandated in Social Security Ruling 82-59. Therefore, the present record does not support a conclusion that Michael Smith is not disabled due to childhood asthma because he failed to comply with prescribed treatment.

The ALJ's failure to address Dr. Dixit's assessment of Michael Smith's condition is also significant because it is well established that a treating physician's opinion is entitled to great weight in determining disability. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

> [A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, and ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. §404.1527(d)(2). Additionally, if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20

C.F.R. §404.1512(e).

Neither of the ALJ's prior opinions[1] indicate that he analyzed Dr. Dixit's assessment under the criteria of 20 C.F.R. §404.1527(d)(2) nor do they reflect any explanation as to why Dr. Dixit's assessment was not entitled to controlling weight. In the absence of an analysis by the ALJ of Dr. Dixit's assessment, the Court concludes that there is not substantial evidence to support the Commissioner's conclusion that Michael Smith did not meet the listing requirements for §103.03 C, i.e., childhood asthma.

Reversal of an ALJ opinion is appropriate only if the plaintiff can establish prejudice. *Ripley v. Cater*, 67 F.3d 552, 557, (5th Cir. 1995). It appears that Michael Smith meets the listing requirements of §103.03 C, and thus has been prejudiced by the ALJ's determination that his childhood asthma does not meet the listing requirements of §103.03. However, because it is not clear from the record whether the ALJ rejected Dr. Dixit's assessment or simply overlooked it in the record, the Court is not prepared to conclude that there is substantial evidence to support a finding that Michael Smith meets the listing requirements of §103.03 C. Accordingly,

**IT IS ORDERED** that the decision of the ALJ with respect to plaintiff's entitlement to supplemental security benefits for childhood asthma is REVERSED insofar as this matter is REMANDED to the Commissioner for further development of the record to determine whether Michael Smith's childhood asthma matched or equaled Listing 103.03C.

**IT IS FURTHER ORDERED** that specific findings be made with respect to the following

---

[1] The ALJ has issued two decisions concluding that plaintiff's childhood asthma does not meet the listing requirement for childhood asthma, one dated April 27, 2007 (Tr. 18-33) and one dated July 16, 2004 (Tr. 389-394).

issues:

 1. The weight to be accorded to Dr. Dixit's January 12, 2004 assessment;

 2. Whether Dr. Dixit's January 12, 2004 assessment is consistent with his previous records concerning his treatment of Michael Smith's asthma; and

 3. Whether while under the age of 18 Michael Smith failed to comply with prescribed treatment for his asthma, and if so, whether he failed to comply with the prescribed treatment for a justifiable cause.

 New Orleans, Louisiana, this 9th day of March, 2010.

               _____
               STANWOOD R. DUVAL, JR.
              UNITED STATES DISTRICT JUDGE